SEALED

FILED BY _____ D.C.

OCT 05 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

IN THE MATTER OF THE EXTRADITION OF  )
                                     )   Case No. 23-mc-23811
RUTGER AAD JANSE                     )
                                     )   **FILED UNDER SEAL**
                                     )

## MOTION TO SEAL COMPLAINT, SUPPORTING PAPERWORK, AND ARREST WARRANT

The United States of America, by its attorney, Robert F. Moore, Assistant United States Attorney, hereby respectfully moves the Court to place under seal until further order of the Court the complaint, and any supporting documents and docket entries, and the arrest warrant in the above-captioned case, as well as the government's motion to seal and this Court's Order sealing the aforesaid documents. In support of its motion, the government states as follows:

1. Courts have inherent power to control access to papers filed with the courts. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Courts have traditionally been "highly deferential to the government's determination that a given investigation requires secrecy and that warrant materials be kept under seal." *Times Mirror Co. v. United States*, 873 F.2d 1210 (9th Cir. 1989). Therefore, courts have routinely granted government requests to seal warrant materials where there is a need for secrecy. *See Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991).

2. The sealing of this matter is necessary because public disclosure of the complaint and related materials at this time could jeopardize future plans to secure the fugitive's arrest, as such disclosure could result in his being alerted to his criminal liability and cause him to take measures to flee or avoid capture. Concern for the need to apprehend the fugitive, and to do so

in a manner consistent with public and officer safety, constitutes a legitimate prosecutorial reason, particularly in this case where the United States has a treaty obligation to apprehend and extradite the fugitive. The government has articulated an appropriate basis for an Order sealing the complaint, any supporting documents and docket entries, the arrest warrant, this motion, and any Order to seal.

3. In addition, the government requests that the sealing Order permit disclosure of the complaint, any supporting documents and docket entries, and the arrest warrant, to appropriate law enforcement and other personnel, both in the United States and internationally, to the extent that such disclosure is in furtherance of efforts to capture or detain the fugitive.

4. It is requested that the Court's order permit unsealing of the complaint and any supporting documents and docket entries, by any United States District Court Judge or any United States Magistrate Judge, in any district, upon oral motion of the United States.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, the United States of America respectfully requests that the Court issue an Order sealing (except to the limited extent specified herein) the complaint filed in this matter on this date, as well as sealing any supporting documents and docket entries, the arrest warrant, this motion, and the Court's sealing Order, until further order of this Court or another court. A proposed Order is submitted herewith.

Dated: October 5, 2023

Respectfully submitted,

Robert F. Moore
Assistant United States Attorney